IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| EMILY ORBAY,<br><br>           PLAINTIFF,<br><br>V.<br><br>HARRAH'S ATLANTIC CITY OPERATING COMPANY, LLC D/B/A HARRAH'S ATLANTIC CITY; JOHN DOE COMPANY 1-10 (FICTITIOUS COMPANIES) AND JOHN DOES 1-10 (FICTITIOUS INDIVIDUALS),<br><br>           DEFENDANTS, | CASE NO.  22-935 |

NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1441, Petitioner, Harrah's Atlantic City Operating Company LLC d/b/a Harrah's Atlantic City (hereinafter "Movant"), by and through its counsel, Reilly, McDevitt & Henrich P.C., hereby removes the above-captioned state court action, currently pending in the Superior Court of New Jersey, Law Division, Atlantic County, to the United States District Court for the District of New Jersey.  In support of removal, Movants respectfully state as follows:

BACKGROUND

1. Emily Orbay ("Plaintiff") filed an action on or about December 13, 2021 Case No. ATL-L-3963-21, in the Atlantic County Superior Court (the "State Court Action"), asserting a personal injury cause of action. See a true and correct copy of Plaintiff's Complaint, attached hereto as Exhibit "A."

2. The Complaint avers that Plaintiff Emily Orbay's alleged injuries were caused by security officers during an altercation located at Harrah's Atlantic City located at 777

Harrah's Blvd., Atlantic City, New Jersey, when she was a guest at the property on December 25, 2019. See Exhibit "A" at ¶ 5.

3. Specifically, Plaintiff alleges she was needlessly tackled by security officers while standing next to her fiancée during an altercation in the poker room of the casino. See Exhibit "A" at ¶ 16-17.

4. Plaintiff's Amended Complaint asserts a negligence cause of action against Movant, John Doe Company 1-10 and John Doe 1-10. See Exhibit "A."

5. Plaintiff's Complaint did not plead a specific monetary amount of damages. See Exhibit "A."

6. Pursuant to New Jersey Court Rule 4:5-2, on or about February 17, 2022 the undersigned requested that Plaintiff provide a written statement of the amount of damages claimed. See a true and correct copy of the February 17, 2022 correspondence attached hereto as Exhibit "B."

7. On or about February 18, 2022 Plaintiff, as a pro se litigant, responded to the request for a written statement of the amount of damages claimed in this litigation and advised that the amount of damages claimed is $325,000.00. See a true and correct copy of Plaintiff's response to the request for a written statement of the amount of damages claims attached hereto as Exhibit "C."

8. Thirty (30) days from service of Plaintiff's statement of damages will be March 21, 2022.

9. Upon Movant's information and belief, no further proceedings have occurred in the State Court Action.

**BASIS FOR REMOVAL**

10. Movant has a statutory right to remove cases based upon diversity of citizenship. 28 U.S.C. § 1332.

11. Specifically, 28 U.S.C. § 1332 provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $ 75,000, exclusive of interest and costs, and is between-- (1) Citizens of different States . . . ."

12. Upon information and belief, Movant states that diversity of citizenship exists between the parties in controversy as follows:

    a. At the commencement of this action and the filing of the Complaint, upon information and belief, Plaintiff was a citizen of the State of New York.

    b. Harrah's Atlantic City Operating Company LLC is a citizen of the State of Delaware and the State of Nevada. Specifically, Harrah's Atlantic City Operating Company, LLC is held by Caesars Holding, Inc. as sole member. Caesars Holding, Inc. was and is a corporation incorporated under the laws of the State of Delaware, with its principal place of business located in Nevada.

13. Plaintiff seeks to recover $325,000.00, in this matter, as Plaintiff has indicated in her response to the request for the statement of damages. See Exhibit "C."

14. The thirty-day period for removal is triggered when Defendant first learns that the matter is removable. See Vartanian v. Terzian, 960 F.Supp. 58, 62 (D.N.J 1997); Nero v. Amtrak, 714 F. Supp. 753 (E.D. Pa. 1989); Presidential Dev. & Inv. Corp. v. Travelers Ins. Co., 1989 U.S. Dist. LEXIS 14499, CIV. A. No. 89-6278, 1989 WL 147616 (E.D. Pa. Dec. 5, 1989); Moore v. City of Philadelphia, 1988 U.S. Dist. LEXIS 4339, CIV. A. No. 88-1424, 1988 WL 50382 (E.D. May 16, 1988), *appeal dismissed*,

865 F.2d 251 (3d Cir. 1988)).

15. Here, the thirty-day period for removal was not triggered until Plaintiff provided a representation of the value of the damages on February 17, 2022. See, Vartanian v. Terzian, 960 F.Supp. 58, 62 (D.N.J 1997).

16. In the instant case, Plaintiff's Complaint did not plead a specific monetary amount, but Plaintiff indicated that the damages claimed is $325,000,000. See Exhibit "C."

17. Movant filed this Notice of Removal within thirty (30) days of receiving Plaintiff's response to the request for the statement of damages.

18. Therefore, this Court may properly remove the State Court Action based on diversity jurisdiction.

19. This Notice of Removal was not filed more than one year after commencement of the action. 28 U.S.C. § 1446(b).

20. The United States District Court for the District of New Jersey has jurisdiction over this action pursuant to 28 U.S.C. § 1332 by reason of diversity jurisdiction of Plaintiffs and Movant as set forth with greater particularity above.

21. Venue properly lies with this Court pursuant to 28 U.S.C. § 1441(a) and 1446(a), as this action is presently pending in the Superior Court of New Jersey, Law Division, Atlantic County, located within the District of New Jersey.

22. In the interest of judicial economy and the fair adjudication of claims brought before the Court, Movant seeks removal to this Court.

23. A written notice of the filing of this Notice of Removal has been given to all parties in accordance with as required by 28 U.S.C. §1446(d).

24. Promptly after filing in this court and the assignment of a civil action number, a true and correct copy of this Notice of Removal will be filed with the Clerk of Court for the Superior Court of New Jersey, Law Division, Atlantic County, as required by U.S.C. § 1446(d).  A copy of the notice to be provided to the Superior Court is attached hereto as Exhibit "D."

**WHEREFORE**, Movant, Harrah's Atlantic City Operating Company LLC d/b/a Harrah's Atlantic City respectfully requests that it may affect the removal of this action from the Superior Court of New Jersey, Law Division, Atlantic County to the United States District Court of New Jersey.

Respectfully submitted,

**REILLY, MCDEVITT & HENRICH, P.C.**

By: /s/ *Damian S. Jackson*
      Damian S. Jackson
      Charles Hoyt, III
      Attorneys for Defendant,
      Harrah's Atlantic City Operating Company LLC d/b/a Harrah's Atlantic City

## CERTIFICATION

I certify that a true copy of the Plaintiff's Complaint filed in the Superior Court of New Jersey, County of Atlantic is attached hereto as Exhibit "A." A copy of Defendant's Demand for a Statement of Damages is attached as Exhibit "B." A copy of Plaintiff's Response to Defendant's Statement of Damages is attached as Exhibit "C." A copy of the notice to be provided to the Superior Court is attached hereto as Exhibit "D." A copy of all pleadings, process, and orders served on Harrah's as required by 28 U.S.C. § 1446(a), are attached as Exhibit "E."

Respectfully submitted,

**REILLY, MCDEVITT & HENRICH, P.C.**

By: __/s/ *Damian S. Jackson*
      Damian S. Jackson
      Charles Hoyt, III
      Attorneys for Defendant,
      Harrah's Atlantic City Operating Company LLC
      d/b/a Harrah's Atlantic City

Dated:  2/22/2022

## CERTIFICATE OF SERVICE AND FILING

I, Damian S. Jackson, Esquire, attorney for Defendant, Harrah's Atlantic City Operating Company LLC d/b/a Harrah's Atlantic City, hereby certify that I served a true copy of the foregoing Notice of Removal via United States Regular mail on this date to the parties listed below:

Emily Orbay
49 Mackay PL 1C
Brooklyn, NY 11209
(347) 446-1824

By: /s/ *Damian S. Jackson*
      Damian S. Jackson
      Charles Hoyt, III
      Attorneys for Defendant,
      Harrah's Atlantic City Operating Company LLC
      d/b/a Harrah's Atlantic City

Dated:  2/22/2022