# EXHIBIT A



# Notice of Service of Process

TMM / PERINJ
Transmittal Number: 24452746
Date Processed: 02/10/2022

| | |
|---|---|
| **Primary Contact:** | Brenda Sanchez<br>Caesars Entertainment, Inc.<br>1 Caesars Palace Dr<br>Las Vegas, NV 89109-8969 |
| **Electronic copy provided to:** | Service of Process Box |
| **Entity:** | Harrah's Atlantic City Operating Company, LLC<br>Entity ID Number  2644894 |
| **Entity Served:** | Harrah's Atlantic City Operating Company, LLC |
| **Title of Action:** | Emily Orbay vs. Harrah's Atlantic City Operating Company, LLC, d/b/a Harrah's Hotel And Casino |
| **Matter Name/ID:** | Emily Orbay vs. Harrah's Atlantic City Operating Company, LLC, d/b/a Harrah's Hotel And Casino (11991576) |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Personal Injury |
| **Court/Agency:** | Atlantic County Superior Court, NJ |
| **Case/Reference No:** | ATL-L-003963-21 |
| **Jurisdiction Served:** | New Jersey |
| **Date Served on CSC:** | 02/08/2022 |
| **Answer or Appearance Due:** | 35 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| **Sender Information:** | Emily Orbay<br>347-446-1824 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

## SUMMONS

| | |
|---|---|
| Attorney(s) Emily Orbay | **Superior Court of New Jersey** |
| Office Address 49 Mackay Place | |
| Town, State, Zip Code Brooklyn, NY 11209 | Atlantic COUNTY |
| Telephone Number | LAW DIVISION |
| Attorney(s) for Plaintiff (pro se) | |
| Emily Orbay, | Docket No: ATL-L-3963-21 |

Plaintiff(s)

Vs.

Harrah's Atlantic City Operating Company, LLC, d/b/a Harrah's Hotel and Casino, John Doe Company 1-10 and Jon Doe 1-10,

Defendant(s)

## CIVIL ACTION SUMMONS

From The State of New Jersey To The Defendant(s) Named Above:

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/pro se/10153_deptyclerklawref.pdf.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf.

Clerk of the Superior Court

DATED: 01/31/2022

Name of Defendant to Be Served: Harrah's Atlantic City Operating Company, LLC

Address of Defendant to Be Served: Corp Service Company, 100 Charles Ewing Blvd, Suite 160, Ewing, NJ

Revised 11/17/2014, CN 10792-English (Appendix XII-A)

```
ATLANTIC COUNTY LAW DIVISION
SUPERIOR COURT OF NEW JERSEY
1201 BACHARACH BLVD
ATLANTIC CITY     NJ 08401
                                        TRACK ASSIGNMENT NOTICE
COURT TELEPHONE NO. (609) 402-0100
COURT HOURS  8:30 AM - 4:30 PM

                    DATE:    DECEMBER 13, 2021
                    RE:      ORBAY EMILY VS HARRAHS HOTEL & CASINO
                    DOCKET:  ATL L -003963 21

     THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 1.

     DISCOVERY IS  150 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

     THE PRETRIAL JUDGE ASSIGNED IS:  HON STANLEY L. BERGMAN

     IF YOU HAVE ANY QUESTIONS, CONTACT TEAM      003
AT:  (609) 402-0100 EXT 47810.

     IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
     PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH  R.4:5A-2.
                    ATTENTION:
                              EMILY ORBAY
                              49 MACKAY PL 1C
                              BROOKLYN             NY 11209



JUDKIP0
```

Emily Orbay
49 Mackay Place
Brooklyn, NY 11209
(347) 446-1824

FILED
DEC 1 3 2021

| | |
|---|---|
| EMILY ORBAY,<br><br>Plaintiff,<br><br>vs.<br><br>HARRAH'S ATLANTIC CITY OPERATING COMPANY, LLC, d/b/a HARRAH'S HOTEL AND CASINO, JOHN DOE COMPANY 1-10 (fictitious companies) and JOHN DOE 1-10 (fictitious individuals),<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION<br>ATLANTIC COUNTY<br><br>DOCKET NUMBER:<br><br>COMPLAINT, CERTIFICATIONS, AND<br>DEMAND FOR JURY TRIAL |

The Plaintiff, EMILY ORBAY, presently residing in Brooklyn, New York, by way of Complaint against the Defendants, hereby says:

## PARTIES

1. Plaintiff Emily Orbay is an adult citizen currently residing in Brooklyn, New York.

2. Defendant Harrah's Atlantic City Operating Company, LLC, d/b/a Harrah's Hotel & Casino, upon information and belief, a New Jersey corporation with its principal place of business located at 777 Harrah's Boulevard in Atlantic City, New Jersey, is the operator and casino licensee of Harrah's Resort Atlantic City.

3. Defendant John Doe Company 1-10 is a corporation or other business entity, licensed to operate and conduct business in the State of New Jersey, who had the responsibility of providing security for the hotel and casino located at 777 Harrah's Boulevard known as Harrah's Hotel & Casino, had the responsibility of supervising, monitoring and/or training members of Harrah's Security, and/or otherwise was involved in the incident involving the Plaintiff.

4. Defendant John Doe 1-10 is an individual or entity who had the responsibility of providing security for the hotel and casino located at 777 Harrah's Boulevard known as Harrah's Hotel & Casino, had the responsibility of supervising, monitoring or training members of Harrah's Security and/or was a member of Harrah's Security or other security branch that took an active part in or participated in the incident involving the Plaintiff.

## FACTS IN SUPPORT OF ALL CAUSES OF ACTION

5. The Plaintiff hereby incorporates by reference the preceding paragraphs of this Complaint as though each was fully set forth below.

6. On or about December 25, 2019, the Plaintiff, Emily Orbay, and her fiancé, Philip Sarner, were business invitees at Harrah's Hotel & Casino and were lawfully on the premises of the Defendant as guests of the hotel.

7. At all relevant times hereto, Defendant Harrah's Atlantic City Operating Company, LLC, d/b/a Harrah's Hotel & Casino, and/or one or more of the Defendant John Does or John Doe Companies owned, maintained, controlled, managed, and/or operated a hotel located at 777 Harrah's Boulevard in Atlantic City, New Jersey, hereinafter known as the "premises," "hotel," or "Harrah's."

8. At all relevant times hereto, the Defendant had a duty to provide a safe environment for their guests in order to prevent any injuries to the invitees of their hotel, casino and entertainment entity.

9. At all relevant times hereto, the Defendant also had a duty to its clientele to properly hire, train, instruct, monitor and supervise its security personnel to police and secure the interior and exterior of its premises.

10. Defendant Harrah's is vicariously liable for the actions of their employees, servants and/or agents.

11. On or about December 25-26, 2019, the Plaintiff was legally on the Defendant's premises in the casino.

12. At that time, the Plaintiff's fiancé was in the Poker Room playing cards when a verbal dispute arose due to another patron's mishandling of the playing cards.

13. Instead of calming the situation and taking control of the game, Harrah's employees on the scene allowed the patrons at the card table to exchange insults with each other.

14. A short time later, Mr. Sarner left the card table. Soon after, the Plaintiff was then stopped by a Harrah's Security and the two men began talking. At that same time and place, another security officer came running up out of nowhere and needlessly tackled Mr. Sarner, throwing him down to the ground.

15. In his intentional tackle of Mr. Sarner, the security officer also tackled the Plaintiff and recklessly knocked her to the ground. At that time, Ms. Orbay, who was not involved in the incident in the Poker Room, was just standing next to her fiancé.

16. It must be mentioned that at no time was Mr. Sarner fighting or struggling with any of the security personnel. As such, the deliberate actions of the security personnel in the tackling of Mr. Sarner and the Plaintiff were completely unnecessary.

17. As Mr. Sarner was being encircled by security, the Plaintiff was then violently dragged away from her fiancé and was pinned to the ground by several security officers.

18. At that time, Ms. Orbay was assaulted in a sexual manner by Harrah's Security. The Plaintiff was held down and had her breasts fondled, grabbed and pinched by members of the Defendant's security personnel.

19. The Plaintiff suffered extensive bruising to her breasts, shoulders, arms and hands as a result of this attack. She was also the subject of several obscene and sexually explicit comments.

20. The Plaintiff was then subjected to more humiliation as she was placed in handcuffs while on the ground and ultimately removed from the casino to her great embarrassment.

21. As a result, the Plaintiff sustained physical and emotional injuries as a result of this outrageous incident, including severe bruising to her breasts, shoulders, arms and hands.

## FIRST COUNT – ASSAULT

22. The Plaintiff hereby incorporates by reference the preceding paragraphs of this Complaint as though each was fully set forth below.

23. In the early morning hours of December 26, 2019, the Defendant and its security personnel intentionally committed a violent and offensive physical contact with Plaintiff Emily Orbay.

24. At that time, the Defendant's security personnel violently knocked Plaintiff Orbay, who was standing next to her fiancé, to the ground.

25. The Defendant's security personnel then pulled Ms. Orbay away from Mr. Sarner and proceeded to fondle and grab the Plaintiff's breasts in a sexual manner and made several obscene and explicit statements to her as she was pinned to the ground.

26. This incident was clearly an unprovoked use of force by the Defendant's security personnel.

27. As a result of the misconduct of the Defendant and its employees, the Plaintiff suffered severe and permanent physical and emotional injuries

WHEREFORE, Plaintiff Emily Orbay demands Judgment against the Defendants, Harrah's Atlantic City Operating Company, LLC, d/b/a Harrah's Hotel & Casino, John Doe Company 1-10, and John Doe 1-10, individually, jointly, severally, and, in the alternative, for compensatory damages, punitive damages, counsel fees, interest, costs of suit and such other relief as the Court deems equitable and just.

## SECOND COUNT – BATTERY

28. The Plaintiff hereby incorporates by reference the preceding paragraphs of this Complaint as though each was fully set forth below.

29. In the early morning hours of December 26, 2019, the Defendant and its security personnel intentionally committed a violent and offensive physical contact with Plaintiff Emily Orbay.

30. At that time, the Defendant's security personnel violently knocked Plaintiff Orbay, who was standing next to her fiancé, to the ground.

31. The Defendant's security personnel then pulled the Plaintiff away from Mr. Sarner and proceeded to fondle and grab the Plaintiff's breasts and made several obscene and explicit statements to her as she was pinned to the ground.

32. The Plaintiff did not consent to this physical contact.

33. Furthermore, this offensive touching was done with malice, with wanton disregard of the victim's rights and/or with foreseeability of the unintended harmful consequences.

34. There was no need whatsoever that the Plaintiff's breasts had to be touched, grabbed and abused by the Defendant's employees.

35. As a result of the misconduct of the Defendant and its employees, the Plaintiff suffered severe and permanent physical and emotional injuries.

WHEREFORE, Plaintiff Emily Orbay demands Judgment against the Defendants, Harrah's Atlantic City Operating Company, LLC, d/b/a Harrah's Hotel & Casino, John Doe Company 1-10, and John Doe 1-10, individually,

jointly, severally, and, in the alternative, for compensatory damages, punitive damages, counsel fees, interest, costs of suit and such other relief as the Court deems equitable and just.

### THIRD COUNT - NEGLIGENCE

36. The Plaintiff hereby incorporates by reference the preceding paragraphs of this Complaint as though each was fully set forth below.

37. The Defendant owed a duty of reasonable care to the Plaintiff and those persons lawfully on the property to ensure that its premises are safe for its business invitees.

38. The Defendant also had a duty to its clientele to properly hire, train, instruct and supervise its security personnel to secure the interior and exterior of its premises.

39. The Defendant had employed and scheduled security personnel to police and secure the interior and exterior of its premises on December 25-26, 2019.

40. The Defendant breached its duty when the Defendant's security guards violently, intentionally, recklessly and/or negligently caused physical and emotional injuries to the Plaintiff.

41. At all times herein mentioned, the negligence and recklessness of the Defendant included but was not limited to, the following: a) failing to provide adequate protection/security for business invitees upon the subject premises; b) negligently hiring, training, supervising and/or retaining individuals who were not qualified or improperly trained as security; c) expressly and/or impliedly

authorizing the use of improper, excessive and/or unreasonable force against patrons and/or business invitees such as the Plaintiff; d) failing to create, implement, follow or adhere to industry standards and/or defendants' own policies regarding patron safety, restraint and/or prevention of excessive and/or unreasonable force; e) failing to warn the Plaintiff of the violent propensities of its agents, servants and/or employees; f) failing to properly investigate its agents', servants' and/or employees' backgrounds before hiring them; g) negligently retaining unqualified personnel to conduct Defendant's security; h) negligently failing to enforce proper precautions and procedures for the safety of its customers; i) negligently causing, allowing and/or permitting its employees to act with reckless disregard for the safety of the Plaintiff and others; and j) negligently supervising and/or monitoring its security employees.

42. As a result of the Defendant's negligent failure to adequately control, screen, monitor and instruct its personnel, Plaintiff Emily Orbay was caused to sustain severe physical injuries.

43. Also, as a direct and proximate result of the Defendant's negligence, the Plaintiff suffered great emotional distress, embarrassment, humiliation and anxiety.

WHEREFORE, the Plaintiff, Emily Orbay, demands Judgment against the Defendants, Harrah's Atlantic City Operating Company, LLC, d/b/a Harrah's Hotel & Casino, John Doe Company 1-10, and John Doe 1-10, individually, jointly, severally, and, in the alternative, for compensatory damages, punitive

damages, counsel fees, interest, costs of suit and such other relief as the Court deems equitable and just.

## FOURTH COUNT – FALSE IMPRISONMENT

44. The Plaintiff hereby incorporates by reference the preceding paragraphs of this Complaint as though each was fully set forth below.

45. On December 26, 2019, the Plaintiff was handcuffed and intentionally confined in a holding area by members of Harrah's Security.

46. There was no legal justification for this confinement since the Plaintiff was not even involved in the original incident in the Poker Room and was not interfering with Harrah's Security in any way.

47. The Plaintiff was not allowed to leave the area, was well aware of her confinement and was harmed by same.

48. To make matters worse, one of the Defendant's security officers ultimately filed a citizen's complaint against the Plaintiff in Atlantic City Municipal Court for disorderly conduct – improper behavior.

49. Said charge was later dismissed by the Court since no probable cause was found.

50. As a result of the Defendants' actions, the Plaintiff was falsely imprisoned and suffered severe mental anguish and anxiety.

WHEREFORE, the Plaintiff, Emily Orbay, demands Judgment against the Defendants, Harrah's Atlantic City Operating Company, LLC, d/b/a Harrah's

Hotel & Casino, John Doe Company 1-10, and John Doe 1-10, individually, jointly, severally, and, in the alternative, for compensatory damages, punitive damages, counsel fees, interest, costs of suit and such other relief as the Court deems equitable and just.

## FIFTH COUNT – JOHN DOE NEGLIGENCE

51. The Plaintiff hereby incorporates by reference the preceding paragraphs of this Complaint as though each was fully set forth below.

52. Upon information and belief, certain presently unknown Defendants (John Doe Company 1-10 and John Does 1-10) were and are responsible in some fashion for the happening of the subject incident and/or providing security personnel on the days in question.

53. The negligence of the presently unknown and not yet designated Defendants caused, in part, the happening of the subject incident and thereby caused the damages sustained by the Plaintiff.

54. Furthermore, some of the John Doe individuals may have personally been involved in the assault and/or battery of the Plaintiff in this matter.

55. As a result, the Plaintiff sustained the damages set forth above and caused the Plaintiff to sustain severe injuries, pain and suffering.

WHEREFORE, the Plaintiff, Emily Orbay, demands Judgment against the Defendants, John Doe Company 1-10 and John Doe 1-10, individually, jointly, severally, and, in the alternative, for compensatory damages, punitive damages,

counsel fees, interest, costs of suit and such other relief as the Court deems equitable and just.

By: _____
EMILY ORBAY

## JURY DEMAND

The Plaintiff hereby demands a Trial by Jury of all issues in this action.

## DEMAND FOR ANSWERS TO INTERROGATORIES

The Plaintiff hereby demands answers to the form Interrogatories found in the Appendix to the Rules of Court within the time and in the manner required by those rules.

## CERTIFICATION PURSUANT TO R. 1:38-7(b)

Pursuant to Rule 1:38-7(b), I certify that any confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future.

## CERTIFICATION PURSUANT TO R. 4:5-1

Pursuant to Rule 4:5-1, the undersigned certifies that, to the best of her knowledge, the within matter in controversy is not the subject of any other action pending in any other

Court or of a pending arbitration proceeding, nor is any action or arbitration proceeding contemplated, nor are other parties required to be joined to this action.

By: _____
EMILY ORBAY

Dated: 12/13/21

# Civil Case Information Statement
## (CIS)

Use for initial Law Division
Civil Part pleadings (not motions) under *Rule* 4:5-1
**Pleading will be rejected for filing, under *Rule* 1:5-6(c), if information above the black bar is not completed or attorney's signature is not affixed**

**For Use by Clerk's Office Only**
Payment type: ☐ ck ☐ cg ☐ ca
Chg/Ck Number:
Amount:
Overpayment:
Batch Number:

| Attorney/Pro Se Name | Telephone Number | County of Venue |
|---|---|---|
| Emily Orbay | 3474461824 | Atlantic City |

| Firm Name (if applicable) | Docket Number (when available) |
|---|---|
| | |

| Office Address | Document Type |
|---|---|
| 49 Mackay PL 1C brooklyn Ny 11209 | Complaint |
| | Jury Demand  ☐ Yes  ☒ No |

| Name of Party (e.g., John Doe, Plaintiff) | Caption |
|---|---|
| Plaintiff | Emily Orbay VS Harrahs Hotel & Casino |

| Case Type Number (See reverse side for listing) | Are sexual abuse claims alleged? | Is this a professional malpractice case?  ☐ Yes  ☒ No |
|---|---|---|
| 605 | ☐ Yes  ☒ No | If you have checked "Yes," see *N.J.S.A.* 2A:53A-27 and applicable case law regarding your obligation to file an affidavit of merit. |

Related Cases Pending? ☐ Yes  ☒ No    If "Yes," list docket numbers

Do you anticipate adding any parties (arising out of same transaction or occurrence)? ☐ Yes ☒ No

Name of defendant's primary insurance company (if known): ☐ None  ☒ Unknown

**The Information Provided on This Form Cannot be Introduced into Evidence.**

Case Characteristics for Purposes of Determining if Case is Appropriate for Mediation

Do parties have a current, past or recurrent relationship? ☐ Yes ☒ No
If "Yes," is that relationship: ☐ Employer/Employee ☐ Friend/Neighbor ☐ Other (explain) ☐ Familial ☐ Business

Does the statute governing this case provide for payment of fees by the losing party? ☐ Yes ☒ No

Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition

Do you or your client need any disability accommodations? ☐ Yes ☒ No
If yes, please identify the requested accommodation:

Will an interpreter be needed? ☐ Yes ☒ No
If yes, for what language?

I certify that confidential personal identifiers have been redacted from documents now submitted to the court and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b).

Attorney Signature: *[signature]*