[ECF No. 38]

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| **EMILY ORBAY, et al.,**<br><br>              **Plaintiffs,**<br><br>   v.<br><br>**HARRAH'S ATLANTIC CITY OPERATING COMPANY, LLC, d/b/a HARRAH'S HOTEL AND CASINO, et al.,**<br><br>              **Defendants.** | Civil No. 22-0935(RMB/MJS) |

**OPINION AND ORDER**

    This matter comes before the Court on the motion for leave to amend the complaint ("Motion") filed by plaintiff Emily Orbay and consolidated plaintiff Philip Sarner ("Plaintiffs") [ECF No. 38]. The Court has received and reviewed the letter brief in opposition filed by defendant Harrah's Atlantic City Operating Company, LLC, doing business as, Harrah's Hotel and Casino ("Defendant") [ECF No. 41] and the letter brief in reply to Defendant's opposition filed by Plaintiffs [ECF No. 44]. The Court exercises its discretion to decide Plaintiffs' Motion without oral argument. See Fed. R. Civ. P. 78; L. Civ. R. 78.1. For the reasons that follow and for good cause shown, Plaintiffs' motion for leave to amend the complaint is **GRANTED in part** and **DENIED in part**.

1

**Discussion**

Plaintiffs seek leave[1] to (1) file a combined joint complaint (now that their individual cases have been consolidated) [ECF No. 38-1 ¶¶ 16-17]; (2) add four individual defendants, all of whom work/worked for Defendant as security guards[2] [id. ¶ 14]; and (3) add various additional claims against Defendant and the proposed individual defendants[3] [id. ¶ 15].

Defendant argues in opposition[4] that Plaintiffs' Motion should be denied because (1) Plaintiffs' Motion has been made with undue delay; (2) the addition of the proposed defendants and claims will "cause severe prejudice" to Defendants; and (3) Plaintiff's cases

---

[1] Plaintiffs submitted a Certification of Counsel in lieu of a formal brief "[d]ue to the straightforwardness of the issues involved in this Motion[.]" ECF No. 38 at 1.

[2] The proposed individual defendants are James Turner, Darrien Banks, Kenneth Ziegler, and Rashad Sharif. ECF No. 38-1 ¶ 14.

[3] Plaintiffs each seek to bring the following claims against the four proposed defendants: assault, battery, negligence, false imprisonment, false arrest, negligent inflection of emotional distress, civil rights violations pursuant to 42 U.S.C. § 1983, and a "claim" for punitive damages.

Against Defendant, Plaintiff Sarner seeks leave to add a false imprisonment claim and both Plaintiffs seek leave to add a false arrest claim, a negligent inflection of emotional distress claim, civil rights violations pursuant to 42 U.S.C. § 1983, and a "claim" for punitive damages.

[4] Defendant submits a four-page letter brief "in lieu of a more formal Opposition." ECF No. 41 at 1.

have already been consolidated, obviating the need for a "cohesive joint complaint." ECF No. 41.

Federal Rules of Civil Procedure 15(a)(2) ("Rule 15(a)(2)") advises that in circumstances where a party cannot amend its pleading as a matter of course pursuant to Federal Rule of Civil Procedure 15(a)(1)(B),[5] "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires."[6] Fed. R. Civ. P. 15(a)(2). The Third Circuit has adopted a liberal approach to the amendment of pleadings to ensure that "a particular claim will be decided on the merits rather than on technicalities." Dole v. Arco Chem. Co., 921 F.2d 484, 487 (3d Cir. 1990) (citing Wright, Miller and Kane, Federal Practice and Procedure, Vol. 6, § 1471 at 505 (2d ed. 1990)). A court may deny a party's leave to amend a pleading "where it is apparent from the record that '(1) the moving party has demonstrated undue delay, bad faith or dilatory motives, (2) the amendment would be futile, or (3) the amendment would prejudice the other party.'" United States ex rel. Schumann v.

---

[5] Plaintiffs do not argue they can amend the complaint as a matter of course, so the Court will only decide the Motion pursuant to Rule 15(a)(2).

[6] The Court notes that because Plaintiffs filed this Motion on October 24, 2022, they need not address Federal Rule of Civil Procedure 16(b)(4)'s good cause standard because they filed the Motion before the Court's November 7, 2022 deadline to amend pleadings or add parties passed. See ECF No. 34.

3

Astrazeneca Pharms. L.P., 769 F.3d 837, 849 (3d Cir. 2014) (quoting Lake v. Arnold, 232 F.3d 360, 373 (3d Cir. 2000)).

### 1) Whether Plaintiffs' Motion has been made with undue delay, bad faith, or dilatory motive

Defendant argues that Plaintiffs knew of the identities of the proposed individual defendants since March 2022,[7] but did not file their Motion until October 2022 - seven months later. This, Defendant argues, constitutes undue delay under Rule 15(a)(2). ECF No. 41 at 2. Defendant also argues that Plaintiffs could have sought to add the proposed additional claims earlier than October 2022. Id. at 3-4. "There have been no facts or information revealed through discovery or depositions that did not exist at the time that Plaintiffs filed their original complaints."[8] Id. at 3.

Plaintiffs explain that they learned that the four proposed defendants were involved in the incident "based on the answers [to discovery] provided to date."[9] ECF No. 38-1 ¶ 14. Similarly, they

---

[7] Defendant explained that the incident report for the incident underlying this case was released as part of Defendant's initial disclosures. ECF No. 41 at 2.

[8] Defendant explains that the case was filed in December 2021, yet Plaintiffs had not served initial interrogatories on Defendant until May 17, 2022. ECF No. 41 at 2. Defendant responded to these interrogatories on July 19, 2022, yet Plaintiffs did not file the Motion until October 2022 – more than three months later. Id.

[9] Plaintiffs explain in their reply brief that "the new counts are based on facts which came to light in the Plaintiffs' depositions, as well as through some of the written discovery provided." ECF No. 44 at 2.

4

argue that Defendant's delay in providing discovery led to their delay in seeking leave to add these defendants to the case. Id. Although Defendant claims to have provided the names of each of the employees involved in the underlying incident with Plaintiffs in its Rule 26 initial disclosures, Plaintiffs argue that the incident report with the employees' names did not indicate which employees were involved in the incident as opposed to which employees were merely witnesses or bystanders. ECF No. 44 at 2. Due to this ambiguity, Plaintiffs' counsel asserts he served more specific interrogatories to discern how each employee was involved. Id. at 2-3. Defendant did not respond to those interrogatories until September 8, 2022, "almost four months after initially requested." Id. at 3. Relying on this timeline, Plaintiffs argue that filing this Motion in October 2022 was "not a case of [them] sitting on their hands and failing to file for leave to amend the Complaint at an earlier time." Id. Instead, "[t]his was a matter of discovery not being provided in a timely matter, leaving the Plaintiffs waiting for information." Id.

    Although delay alone is not sufficient to deny a request for leave to amend, see Adams v. Gould Inc., 739 F.2d 858, 868 (3d Cir. 1984), the moving party still must "satisfactorily explain[]" its delay in seeking to amend, see Harrison Beverage Co. v. Dribeck Imps., Inc., 133 F.R.D. 463, 468 (D.N.J. 1990) (quoting Leased Optical Dep'ts v. Opti-Center, Inc., 120 F.R.D. 476, 478 (D.N.J.

5

1988)). "Generally, courts will deny a request for leave to amend only where the moving party's delay becomes undue, such as when its accommodation creates an 'unwarranted burden on the court . . . [and] unfair burden on the opposing party.'" Chubb INA Holdings Inc. v. Chang, Civ. No. 16-2354, 2016 WL 6841075, at *5 (D.N.J. Nov. 21, 2016) (quoting Adams, 739 F.2d at 868).

According to Plaintiffs' counsel's reply letter and attached exhibit [ECF No. 44], although Plaintiffs received the names of these defendants as having been present at the incident during the exchange of initial disclosures, it was not until Plaintiffs' counsel (retained in March 2022) propounded interrogatories on Defendant in May 2022, to which Defendant responded in September 2022, that Plaintiffs learned of the specific roles each guard played in the underlying incident. Plaintiffs then filed this Motion in October 2022. Further, the parties consented to extending the discovery deadlines, and Plaintiffs filed this Motion before the deadline to move to amend the pleadings or add parties passed. ECF No. 34. According to Plaintiffs' counsel's representations, Plaintiffs could not have identified which defendants were specifically involved in the incident until Defendant gave them more specific information, which was produced during the exchange of interrogatories. See Synthes, Inc. v. Marotta, 281 F.R.D. 217, 225 (E.D. Pa. 2012) (quoting In re Pressure Sensitive Labelstock Antitrust Litig., Civ. No. 03-1556, 2006 WL 433891, at *1 (M.D.

Pa. Feb. 21, 2006). Accordingly, the Court finds that Plaintiffs have not acted with undue delay, bad faith, or dilatory motive in seeking to add the proposed defendants and the proposed additional claims until the time of their Motion.

    2) **Whether granting Plaintiffs' Motion will prejudice Defendant**

Defendant argues that adding the proposed individual defendants at this time "will cause severe prejudice" to Defendant because Defendant "will be forced to incur additional costs for written discovery, investigation and depositions of these defendants." ECF No. 41 at 3. Additionally, "the individuals identified by Plaintiffs are employees and/or ex-employees of Defendant which would require Defendant to potential[ly] defend these individuals in this action. If that is the case, Defendant will be forced to prepare defenses against new legal theories and claims brought directly against the individually named security officers rather than just the claims against Defendant which Defendant has been preparing its defenses exclusive for nearly a year." Id. Defendant will also have to re-depose Plaintiffs because "the scope of the Defendant's examination [of Plaintiffs] did not consider having to defend against claims brought against individual security officers." Id.

Defendant also argues it will be prejudiced if Plaintiffs are permitted to add the additional claims against Defendant and the

7

proposed individual defendants because "Plaintiffs have already been deposed in this matter. The depositions were tailored to the allegations against Defendant at the time of the depositions. Had Plaintiffs included these counts in their original complaints as they should have, the allegations would have been addressed at Plaintiffs' depositions." Id.

Plaintiffs argue that there will be no prejudice to Defendant because it "knew or should have known [its] employees would be personally named to this lawsuit once their roles in the incident were revealed and that new counts would also be added." ECF No. 44 at 4. Plus, Defendant can depose the Plaintiffs again. Id. "As such," Plaintiffs argue, "the Defendants cannot now claim to be prejudiced by any delay caused in adding new parties or adding additional counts since they are the ones who did not provide the requested discovery on time."[10] Id.

Defendant bears the burden of demonstrating prejudice sufficient to deny leave to amend under Rule 15(a). See, e.g., Dole, 921 F.2d at 488; Brentley v. City of Pittsburgh, Civ. No. 20-0489, 2021 WL 2474419, at *1 (W.D. Pa. June 17, 2021). "Prejudice is considered 'undue' when it rises to such a level

---

[10] Plaintiffs further argued that Defendant and Plaintiffs have consented to extending the discovery deadlines, including the deadline for Plaintiffs to move for leave to amend their complaint, with which Plaintiffs have complied. ECF No. 44 at 4. Plaintiffs also point to the then-pending motion to compel they filed against Defendant as proof that Defendant had delayed discovery. Id. at 4.

8

that the non-moving party would be 'unfairly disadvantaged or deprived of the opportunity to present facts or evidence.'" Chubb INA Holdings, Civ. No. 16-2354, 2016 WL 6841075, at *5 (quoting Harrison Beverage, 133 F.R.D. at 468).

"Prejudice is generally evaluated by looking at whether the amendment would: (1) require the non-moving party to expend significant additional resources to conduct discovery and prepare for trial; (2) significantly delay the resolution of the dispute; or (3) prevent the non-moving party from bringing a timely action in another forum." High 5 Games, LLC v. Marks, Civ. No. 13-7161, 2017 WL 349375, at *4 (D.N.J. Jan. 24, 2017) (citing Long v. Wilson, 393 F.3d 390, 400 (3d Cir. 2004)).

"The fact that some additional discovery may result from [a party's] amendment is not enough to establish the sort of prejudice necessary to deny [that party's] motion." Evonik Degussa GMBH v. Materia Inc., Civ. No. 09-0636, 2011 WL 13152274, at *6 (D. Del. Dec. 13, 2011) (permitting amendment under Rule 15 despite the resulting need to conduct further depositions); see also Williams v. City of York, Civ. No. 15-0493, 2016 WL 2610007, at *6 (M.D. Pa. May 6, 2016) (same).

The Court does not find that Defendant will be prejudiced from the addition of the proposed individual defendants and the addition of claims against Defendant and the additional defendants. The fact that Defendant has been preparing its defense

9

for nearly a year and that Plaintiffs may need to be deposed again if the proposed defendants and claims are added does not rise to the level of "undue" prejudice warranted for the Court to deny Plaintiffs' Motion. Additionally, it is not guaranteed that Defendant will even defend the new defendants. In sum, Defendant has not demonstrated that it would be required "to expend significant additional resources to conduct discovery and prepare for trial," that adding the defendants would "significantly delay the resolution of the dispute" or that it will be prevented from "bringing a timely action in another jurisdiction." See Long, 393 F.3d at 400. The case is still in discovery and is not anywhere near "the eve of trial." Accordingly, Defendant will not be unduly prejudiced by the Court's granting Plaintiffs leave to file an amended complaint at this time.

### 3) Whether there is a need for Plaintiffs to file a "cohesive joint complaint"

Defendants argue that Plaintiffs' individual cases were already consolidated on April 12, 2022 so "[t]here is no reason for Plaintiffs to need to file a 'cohesive joint complaint[.]'" ECF No. 41 at 4. Plaintiffs explain that they seek to file a joint complaint for "the sake of clarity." ECF No. 44 at 5.

Defendant moved to consolidate the two Plaintiffs' cases on April 8, 2022 [ECF No. 10], which the Court granted on April 13, 2022. ECF No. 11.

Although the case is consolidated and the separate complaints "together form the operative pleading," see Evans v. DeMatteis, Civ. No. 20-1663, 2021 WL 5141067, at *1 (D. Del. Nov. 4, 2021), it is not futile for Plaintiffs to seek leave to file a consolidated complaint at this time, when they also seek to add new causes of action and new defendants. See Burke v. Port Auth. of New York & New Jersey, Civ. No. 11-6853, 2013 WL 12166341, at *4 (D.N.J. Mar. 5, 2013) (finding consolidation of complaints in consolidated case would not be futile); see also Brown v. City of Shamokin Police Dept., Civ. No. 21-1992, 2022 WL 2441557, at *6 (M.D. Pa. July 5, 2022) (granting plaintiff leave to file an amended complaint in a consolidated action); Evans, Civ. No. 20-1663, 2021 WL 5141067, at *1 (same); Mendoza v. Electrolux Home Prods., Inc., Civ. No. 17-2028, 2018 WL 3973184, at *7 (M.D. Pa. Aug. 20, 2018) (same); Winter v. Richman, Civ. No. 17–1322, 2018 WL 2247221, at *2 (D. Del. May 16, 2018) (same); Dean v. Harold Ives Trucking, Civ. No. 95-0419, 1995 WL 540519, at *4 (E.D. Pa. Sept. 7, 1995) (same). A consolidated amended complaint will clarify the causes of action asserted by each plaintiff and will reduce redundancy in the pleadings. Accordingly, the Court does not find that Plaintiffs' Motion should be denied on this ground.

**4) Whether Plaintiffs' proposed amendments are futile**

Although Defendant does not raise any futility arguments in opposition to Plaintiffs' Motion, the Court notes that "[t]he

11

ultimate decision to grant or deny leave to amend is a matter committed to the court's sound discretion." Rosenzweig v. Transworld Sys., Inc., Civ. No. 16-0227, 2016 WL 5106995, at *2 (D.N.J. Sept. 20, 2016). It would be futile to grant Plaintiffs leave to amend their complaint to add a claim that is insufficiently pleaded or otherwise deficient in stating a valid claim. See Bair v. City of Atlantic City, 100 F. Supp. 2d 262, 267-68 (D.N.J. 2000) (addressing the sufficiency of the pleadings to determine whether the proposed claims are futile after denying defendant's futility argument that the claims are precluded by certain statutes). "In assessing 'futility' the District Court applies the same standard of legal sufficiency as applies under Rule 12(b)(6)." Bussicolo v. Babcock Power, Inc., Civ. No. 13-7192, 2014 WL 4611544, at *5 (D.N.J. Sept. 15, 2014) (quoting Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000).

First, the Court finds that it is futile to add proposed defendant Banks to the complaint because no specific allegations have been pleaded against him by Plaintiffs. See Pacheco v. Passaic Police Dept., Civ. No. 12-06929, 2014 WL 1545221, at *3 (D.N.J. Apr. 2, 2014) (denying plaintiff's motion to amend the complaint to add defendants when the amended complaint did not "include any facts or claims referring to [defendants'] involvement in the investigation or the alleged unlawful search and seizure."). "Failure to identify each defendant's role for the alleged wrong

12

is insufficient." Miretskaya v. Rutgers State Univ. of N.J., Civ. No. 20-14856, 2022 WL 3020153, at *3 (D.N.J. July 29, 2022) (citing Pushkin v. Nussbaum, Civ. No. 12-324, 2017 WL 1591863, at *7 (D.N.J. Apr. 28, 2017)). Accordingly, Plaintiffs' motion to amend to add Banks as a defendant is denied because the allegations, "even when taken as true, do not allege how or when [Banks was] involved in the violation of Plaintiffs' rights, and thus, do not pass muster under a 12(b)(6) analysis." Pacheco, Civ. No. 12-06929, 2014 WL 1545221, at *3.

Next, the Court notes that Plaintiffs' proposed standalone count for punitive damages cannot be added to the complaint because it is not a cognizable claim. See Bond v. Solvay Specialty Polymers, USA, LLC, 583 F. Supp. 3d 643, 654 (D.N.J. 2022) (citing Smith v. Covidien LP, Civ. No. 19-11981, 2019 WL 7374793, at *10 (D.N.J. Dec. 31, 2019)). Accordingly, it would be futile to add this claim to the amended complaint, so the Court will deny leave to amend on this ground, but "notes that Plaintiff[s] ha[ve] preserved [their] right to argue for punitive damages as a remedy if allowed under the remaining causes of action." Id.

The Court also denies Plaintiffs' motion to amend to the extent it seeks to bring civil rights violations pursuant to 42 U.S.C. § 1983 against Defendant and the proposed individual defendants. To mount a successful § 1983 claim, "a [ ] plaintiff [must] prove two essential elements: (1) that the conduct

13

complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States." Conserve v. City of Orange Twnp., Civ. No. 21-872, 2022 WL 1617660, at *4 (D.N.J. May 23, 2022) (quoting Schneyder v. Smith, 653 F.3d 313, 319 (3d Cir. 2011)). The Court finds it futile for Plaintiffs to add civil rights violations to their complaint because Defendant and the proposed individual defendants were not "person[s] acting under color of state law." See Doug Grant, Inc. v. Greate Bay Casino Corp., 232 F.3d 173, 189 (3d Cir. 2000) ("State regulation and the [[Casino Control Commission]'s authorization of casino activities do not transform the casinos into state actors."); Hickson v. Marina Assocs., 743 F. Supp. 2d 362, 375 (D.N.J. 2010) (finding no evidence that the casino defendants were state actors "[a]part from [plaintiff's] generalized averments and allegations of conspiracy"); Bethea v. Casino, Civ. No. 15-7290, 2016 WL 7424116, at *2 (D.N.J. Dec. 23, 2016) (finding that the complaint does not allege sufficient facts to support assertion that the casino and its employee were acting on behalf of the state); Floyd v. N.J. Casino Comm'n, Civ. No. 05-3949, 2007 WL 1797656, at *9 (D.N.J. June 19, 2007) (dismissing plaintiff's § 1983 claim because plaintiff pleaded no facts that the defendant casino, "a private actor," was a state actor other than that it "offered false material information in its statements

14

to . . . the National Labor Relations Board and New Jersey Division of Unemployment," which is not enough to constitute state action). Plaintiffs have not alleged any facts suggesting the Harrah's guards were working on behalf of or at the behest of law enforcement or that Defendant had a preexisting arrangement with police to detain Plaintiffs. Accordingly, Plaintiffs have not sufficiently pleaded that Defendant and the proposed individual defendants acted under the color of state law, which is enough for the Court to deny Plaintiffs' motion to amend the complaint to add civil rights violations.

    **IT IS** on this **16th** day of **May 2023**,

    **ORDERED** that Plaintiffs' Motion to Amend [ECF No. 38] is **GRANTED** in part and **DENIED** in part; and it is further

    **ORDERED** that Plaintiffs are not permitted to amend their complaint to add Banks as a defendant, add civil rights violations, or add a standalone punitive damages claim; and it is further

    **ORDERED** that Plaintiffs shall file an amended complaint consistent with the foregoing in this Opinion by **May 26, 2023**; and it is further

    **ORDERED** that Plaintiffs have preserved their right to argue for punitive damages as a remedy if allowed under the remaining causes of action.

                                          <u>s/ Matthew J. Skahill</u>
                                          MATTHEW J. SKAHILL
                                          United States Magistrate Judge

```
cc:  Hon. Renée Marie Bumb
Chief United States District Judge
```