[ECF No. 100]

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| EMILY ORBAY, et al.,<br><br>                               **Plaintiffs,**<br><br>      v.<br><br>**HARRAH'S ATLANTIC CITY OPERATING COMPANY, LLC, d/b/a HARRAH'S HOTEL AND CASINO, et al.,**<br><br>                               **Defendants.** | Civil No. 22-935 (RMB/MJS) |

**OPINION AND ORDER**

      This matter is before the Court on the motion by plaintiffs Emily Orbay and Philip Sarner ("Plaintiffs") for sanctions, specifically an adverse inference instruction, against defendants Harrah's Atlantic City Operating Company, LLC ("Harrah's"), James Turner, Kenneth Ziegler, and Rashad Sharif ("Defendants") for allegedly spoliating electronically stored information ("ESI") evidence in this case. ECF No. 100. Defendants oppose the motion as baseless. ECF No. 103. Pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1(b), the Court decides this motion without oral argument. For the reasons that follow, Plaintiffs' motion is **DENIED**.

**I.    Background**

      Plaintiff Emily Orbay filed this personal injury suit in December 2021 in the Superior Court of New Jersey, alleging injuries caused by Harrah's security officers during a December 25, 2019 altercation on the casino floor. ECF No. 1-1 at 6. Plaintiff Orbay's complaint alleges assault, battery, negligence, and false imprisonment against Harrah's and certain John Doe

defendants. Id. at 7-15. On February 22, 2022, Harrah's removed this action to this Court. ECF No. 1. Harrah's filed an answer on March 14, 2022, denying any liability under the complaint. ECF No. 5.

On April 8, 2022, Harrah's filed a motion to consolidate this case with a separate action filed by Philip Sarner, who was together with Orbay at the same poker table and alleges injury from the same response by casino security. ECF No. 10. On April 13, 2022, this Court granted the motion and consolidated the two cases for discovery and trial, without prejudice. ECF No. 11.

On October 24, 2022, Plaintiffs filed a motion to amend the complaint. ECF No. 38. Defendants filed opposition to the motion. ECF No. 41. On May 16, 2023, this Court entered an order granting the motion in part and denying it in part—Plaintiffs were granted leave to file an amended and consolidated complaint, but were not permitted to amend their complaint to add Darien Banks as a defendant, add civil rights violations, or add a standalone punitive damages claim. ECF No. 55. Plaintiffs thereafter filed their amended complaint on May 25, 2023. ECF No. 56. There have been multiple delays in this case ranging from avoidable discovery disputes to missed appearances at court ordered conferences. See ECF No. 91. The case is currently administratively terminated due to Plaintiffs' failure to notify the Court of their availability to appear for an in-person conference. ECF No. 109.

II. **Legal Standard**

"Spoliation is 'the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation.'" Bensel v. Allied Pilots Ass'n, 263 F.R.D. 150, 152 (D.N.J. 2009) (quoting West v. Goodyear Tire & Rubber Co., 167 F.3d 776, 779 (2d Cir. 1999)). Where a party spoliates

evidence, courts have the discretion to impose sanctions. Mosaid Techs. Inc. v. Samsung Elecs. Co., Ltd., 348 F.Supp.2d 332, 335 (D.N.J. 2004).

"Until [2015], district courts in the Third Circuit relied on both the Federal Rules of Civil Procedure and the inherent authority of the court in imposing sanctions for spoliation of any kind of evidence." Bistrian v. Levi, 448 F.Supp.3d 454, 464 (E.D. Pa. 2020). "In 2015, however, Federal Rule of Civil Procedure 37 was amended to provide a uniform standard governing spoliation sanctions for the loss of [ESI]." Id. "Prior to the 2015 amendment, courts applied the Third Circuit's general spoliation test to both ESI and other information." Id. at 465 n.14. "Since 2015, some district courts within the Third Circuit have continued to apply the Third Circuit's general test to determine whether spoliation occurred while applying Rule 37(e) in considering what sanction is appropriate, and others have relied exclusively on Rule 37(e)." Manning v. Safelite Fulfillment, Inc., et al., Civ. No. 17-2824, 2021 WL 3557582, at *4 (D.N.J. Apr. 29, 2021), report and recommendation adopted in relevant part, 2021 WL 3542808 (D.N.J. Aug. 11, 2021) (citations omitted). "Although the Third Circuit has not specifically clarified this issue, it appears that Rule 37(e) exclusively governs the spoliation inquiry, while both Rule 37(e) and the Third Circuit's own three-factor test govern the sanctions inquiry." Bistrian, 448 F.Supp.3d at 465 n.14. Thus, "[w]here the amended rule applies, it provides the exclusive remedy for spoliation of [ESI], foreclosing reliance on the court's inherent authority." Id. "This view is further supported by the Advisory Committee Notes to Rule 37(e), which clarifies that the 2015 amendment 'forecloses reliance on inherent authority . . . to determine when certain measures should be used.'" Manning, 2021 WL 3557582 at *4 (quoting Fed. R. Civ. P. 37 advisory committee's note to 2015 amendment).

3

Accordingly, "[t]o establish spoliation under Rule 37(e), the moving party must show that: (i) certain ESI should have been preserved in anticipation or conduct of litigation; (ii) the ESI was lost; (iii) the ESI was lost because the party against which sanctions are sought failed to take reasonable steps to preserve it; and (iv) the ESI cannot be restored or replaced." Profit Point Tax Techs., Inc. v. DPAD Grp., LLP, Civ. No. 19-698, 2023 WL 11968310, at *2 (W.D. Pa. Apr. 26, 2023).

### III.   Discussion

Plaintiffs allege Defendants committed spoliation by responding to requests for any video footage of the event underlying this action with an edited recording that omits relevant video. ECF No. 100 at 3-5. Plaintiffs seek an adverse inference against Defendants to address this alleged spoliation. Id.

Defendants contend Plaintiffs' allegations are baseless, and that Plaintiffs have not pursued any discovery into the circumstances of the surveillance video's production. ECF No. 103 at 4.[1] Defendants represent that they were not on notice of this or any other civil litigation immediately after the event underlying this action, only a criminal investigation by the Atlantic City Police Department into a terroristic threat that may have contributed to the altercation. Id. at 3. According to counsel's certification, "Plaintiffs have not deposed a corporate representative on [these issues] and therefore do not have any information in their motion on Harrah's retention of surveillance" and "Plaintiffs did not conduct discovery of the Division of Gaming Enforcement to determine their role in the retention of the surveillance footage."

---

[1] Defendant's brief in opposition to Plaintiffs' motion was filed with a certification by Defendant's counsel, Charles Hoyt III, Esq., as one file, ECF No. 103. The brief and certification are not paginated, thus the Court cites to the imprinted ECF header.

4

ECF No. 103 at 6. Counsel certifies "Plaintiffs did not conduct discovery on the investigation of this incident and when Harrah's first received notice of the lawsuit." Id.

Plaintiffs have presented insufficient evidence to establish spoliation by Defendants. Plaintiffs suggest Defendants removed relevant portions of surveillance video of the events underlying this lawsuit, but the only fact Plaintiffs allege is the potential absence of such video. Without additional facts, supported by evidence, detailing intentional excision or other spoliation by Defendants, the Court is presented with insufficient evidence to find spoliation. See Jutrowski v. Twp. of Riverdale (Jutrowski II), 904 F.3d 280, 292 (3d Cir. 2018) (holding district court's refusal to draw an adverse inference at summary judgment where a plaintiff cannot establish the existence of dashcam video was not an abuse of discretion);[2] Kroger Co. v. Walters, 735 S.E.2d 99, 104 (Ga. Ct. App. 2012) (affirming finding of spoliation upon deposition testimony of grocery store manager suggesting surveillance video was deleted after a slip-and-fall and acknowledging that the associated camera was repositioned after the fall).

Plaintiffs contend spoliation is evident from the video produced by Defendants because casinos must have "cameras throughout the entire casino gaming area" and the "fact that there were numerous angles taken of the incident proves that there had to be more than one camera used." ECF No. 104 at 3. Yet general presumptions of a party's recording capacity and retention policy are insufficient to establish spoliation of video without additional evidence. See Jutrowski I, 2017 WL 1395484 at *5 (declining to find spoliation where "[p]laintiff's entire argument rest[ed] on the fact that the dashboard cameras in the Riverdale patrol vehicles

---

[2] The District Court, in refusing to draw an adverse inference, found that plaintiff failed to establish spoliation by police where dashboard camera recording was unavailable but plaintiff "did not perform any necessary follow-up" such as requesting inspection of the camera or deposing the police officer in control of the camera. Jutrowski v. Twp. of Riverdale (Jutrowski I), Civ. No. 13-7351, 2017 WL 1395484, at *5 (D.N.J. Apr. 17, 2017).

5

normally record when the emergency lights are activated"). Here, Plaintiffs have failed to even establish the existence of the allegedly spoliated video. Pace v. Walmart Stores East, LP, 799 F.App'x 127, 130 (3d Cir. 2020) (declining to find spoliation where movant could not "show that the alleged video evidence even existed in the first place, much less that it was actually suppressed, withheld, or destroyed"); Williams et al. v. First Student Inc., Civ. No. 20-1176, 2024 WL 1132237, at *2-4 (D.N.J. Mar. 15, 2024) ("the moving party bears the burden of proof in establishing that the evidence at issue actually existed" and, without proving the existence of the allegedly spoliated evidence, "the purported evidence is incapable of being lost or destroyed").

Accordingly, because there is no evidence of spoliation,[3] and discovery is closed, the Court will not consider Plaintiffs' request for an adverse inference or other sanction. Id. at 3; Jutrowski I, 2017 WL 1395484 at *5.

**IT IS**, therefore, on this **11th** day of **April 2025**,

**ORDERED** that Plaintiffs' motion for a sanction against Defendants in the form of an adverse inference, or to otherwise bar the use of the video, is **DENIED** and it is further

**ORDERED** that the Clerk's Office shall reopen this case for the purpose of entering this opinion and order and shall thereafter again administratively terminate this case per Chief Judge Bumb's February 25, 2025 Order.

s/ Matthew J. Skahill<br>
MATTHEW J. SKAHILL<br>
United States Magistrate Judge

---

[3] The parties do not address whether Plaintiffs' burden of proof is a preponderance of the evidence or clear and convincing evidence, but the Court's conclusion—that the Plaintiffs have failed to meet their burden—would be the same under either standard. See Two Canoes LLC v. Addian Inc., Civ. No. 21-19729, 2024 WL 2939178, at *3 n.6 (D.N.J. Apr. 30, 2024); Williams, 2024 WL 1132237 at *2, n.1.